IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02990-WJM-MJW

**MARK GODETTE, an individual resident of the State of Colorado**
Plaintiff,

v.

**CENTENNIAL INSURANCE AGENCY, LLC, a Colorado limited liability company; TOM RATZLAFF and MARK SWANSON, individual residents of the State of Colorado**
Defendants.

## PROTECTIVE ORDER (Docket No 18-1)

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential and proprietary business information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order, subject to the procedures, terms, and conditions set forth below, shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a), and Fed.R.Evid. 1001. A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and/or statutory privacy interests. This includes information which the

producing party in good faith regards as confidential or proprietary business or commercial information or a trade secret under C.R.S. §§ 7-74-101, *et seq.*, including confidential research, development or commercial information within the meaning of Fed.R.Civ.P. 26(c)(1)(G), or which is competitively or strategically sensitive to the producing party or competitively or strategically useful to the receiving party or any third party, including but not limited to marketing, financial, or contractual information, or which implicates privacy interests of the producing party. CONFIDENTIAL information may be designated as such by the producing party, and shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.  CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, or designated representatives of the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL Information as provided above (other than disclosures permitted by Paragraphs 4(a), (b), (c), (e) or (f)), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." A document may not be designated as CONFIDENTIAL until an attorney for the party seeking to designate the document as CONFIDENTIAL has reviewed the document. By placing or affixing the CONFIDENTIAL notice after such review, the attorney certifies that the designation is based on a good faith belief that the document is confidential as defined in Paragraph 3, or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

7. Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL Information by giving written notice within thirty (30) days of receipt of the CONFIDENTIAL Information to the party designating the disputed information. The written notice shall identify the information to

which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.  Any document which has been designated as CONFIDENTIAL and is filed with the Court must be filed under seal. The party filing the document will comply with the requirements of D.C.Colo.L.Civ.R. 7.2.

10. At the conclusion of this case, unless other arrangements are agreed upon in writing by the parties, each document which has been designated as CONFIDENTIAL, including any and all copies thereof, shall be returned to the party that designated it as such, or the parties may elect to destroy CONFIDENTIAL documents. If the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction upon request of the party which designated the documents as CONFIDENTIAL.

11. Breach of the obligation to maintain the confidentiality of information covered by this Protective Order may be punishable as contempt of Court, in addition to such other sanctions as the Court may deem appropriate.

12.  If any party inadvertently discloses or produces information subject to a claim of confidentiality, attorney-client privilege or work product protection ("Inadvertently Disclosed Information"), the disclosure or production of the Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of confidentiality, privilege or work product protection that the disclosing party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter. If a claim of inadvertent disclosure is made by the disclosing party, the provisions of Fed. R. Civ. P. 26(b)(5)(B) shall apply. Other than as expressly set forth herein, the production and disclosure of information and documents in this case, including any CONFIDENTIAL Information disclosed or produced pursuant to this Protective Order, shall be governed by Federal Rule of Evidence 502.

13.  This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

14.  Any party may file a subsequent motion seeking fees, costs, compensation, or injunctive relief relating to the use and disclosure of CONFIDENTIAL Information in a manner contrary to the terms of this Protective Order.

DATED this 19TH day of May, 2011.

BY THE COURT:

_____
Hon. Michael J. Watanabe
United States District Court Magistrate Judge